

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 4, 2020

**BY ECF**

The Honorable Kimba M. Wood
United States District Judge
United States District Court for the
 Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    *United States v. Benjamin Mekawy*,
           No. 20 Cr. 406 (KMW)

Dear Judge Wood:

      The Government respectfully submits this letter in connection with the sentencing of defendant Benjamin Mekawy, which is scheduled for December 11, 2020.  For the reasons set forth below, the Government concurs in the recommendation of the United States Probation Office that a sentence of three years' probation, with six months' home confinement enforced by electronic monitoring, which is consistent with the applicable United States Sentencing Guidelines ("Guidelines" or "U.S.S.G."), *see* U.S.S.G. § 5C1.1(c)(3), is appropriate in this case.

## Background

**A. Offense Conduct**

      The offense conduct is described accurately in the November 10, 2020, revised presentence investigation report prepared by the United States Probation Office (the "PSR").  The defendant was an employee of a Securities and Exchange Commission ("SEC") registered broker dealer called Seidel & Co. LLC. ("Seidel & Co").  Seidel & Co., which was based in Manhattan, was an inter-dealer broker, which means that it acted primarily as an intermediary between institutional broker-dealers trading bonds of various types.  Under relevant SEC regulations, Seidel & Co. was required to maintain net capital reserves of the greater of $100,000 or six and two-thirds percent of its aggregate indebtedness, in order to limit the insolvency risk to its counterparties.

      As detailed in the PSR, in late 2016, Mekawy participated in a scheme to mislead the SEC regarding the net capital position (and therefore the financial solvency) of Seidel & Co.  First, in early November 2016, Mekawy caused Seidel & Co. to file a report with the SEC that fraudulently inflated the firm's net capital by over $200,000 by failing to disclose debts that the firm owed to its landlord and fraudulently increasing the balance of a Seidel & Co. brokerage account.  When a

representative of the Financial Industry Regulatory Authority ("FINRA") questioned the treatment of the firm's prior debt to its landlord, Mekawy caused a letter to be sent to FINRA representing, falsely, that the debt had been settled.  Furthermore, when an outside advisor preparing Seidel & Co.'s regulatory filings sought support for the brokerage account balance, Mekawy sent him a bank statement that had been forged to indicate the inflated balance.  The following month, Mekawy also participated in representing falsely to the SEC that a certain payment $1 million payment (the "$1 Million Payment") was a capital contribution to Seidel & Co., when, in fact, the funds were loan proceeds that could not be used to establish that the firm met the SEC's net capital requirements.

After the initiation of the SEC's parallel investigation of this matter, during the summer of 2018, Mekawy also represented falsely to SEC investigators that he did not have documents responsive to an SEC subpoena, when, in truth, he was in possession of multiple electronic devices containing highly relevant documents.

**B.  Mekwy's Guilty Plea and the Guidelines Calculation**

On August 17, 2020, Mekawy appeared before the Judge Aaron and pled guilty to one count of conspiring to falsify the books and records of a broker-dealer, in violation of Title 18, United States Code, Section 371, and one count of making false statements to the SEC, in violation of Title 18, United States Code, Section 1001.  The parties agree that offense level applicable to Mekawy is 10 and his criminal history category is I.[1]   Accordingly, the applicable Guidelines range is 6 to 12 months' imprisonment, and the applicable fine range is $4,000 to $40,000. The Probation Office agrees that these are the appropriate ranges.

**Discussion**

Applying the factors set forth in Title 18, United States Code, Section 3553(a), a Guidelines sentence of three years' probation, with six months' home confinement enforced by electronic monitoring, as recommended by the Probation Office, is "sufficient, but not greater than necessary" to serve the goals of sentencing.[2]

Beginning with the "nature and circumstances of the offense," 18 U.S.C. § 3553(a)(1), the offense conduct is undoubtedly serious.  By misrepresenting Seidel & Co.'s net capital position, Mekawy exposed investors to unnecessary risk and undermined the SEC's careful efforts to safeguard the integrity of the financial system.  Mekawy later doubled down on his criminal conduct by lying to the SEC in an effort to avoid producing incriminating documents and files that were housed on computers within his possession.  This calculated obstruction reflected a contempt

---

[1] Due to an error on the docket sheet for Mekawy's prior federal case, the plea agreement incorrectly assigned Mekawy two additional criminal history for committing the instant offense while under federal supervision.

[2] Because Mekawy's sentencing range falls within Zone B of the sentencing table, the recommended sentenced is consistent with the non-binding guidance of the Sentencing Commission.  *See* U.S.S.G. § 5C1.1(c)(3).

for regulators and a disregard for the law. Although the Government does not recommend incarceration given the defendant's subordinate role in the offense, the lack of investor harm, and the risks posed by the pandemic, the Probation Office's recommendation of six months' home confinement, coupled with three years' probation is appropriate in light of the seriousness of the offense.

The "history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1), and the need to "afford adequate deterrence to criminal conduct," 18 U.S.C. § 3553(a)(2)(B), also weigh in favor of a sentence that is sufficiently punitive to deter both future misconduct by the defendant and to send a message the general public that this type of misconduct carries real consequences. Due to his cooperation with the Government, in his prior federal case, the defendant received a sentence of two years' probation, despite facing a Sentencing Guidelines range much higher than the one at issue here. Given that sentence failed to deter the defendant from committing further federal crimes, a more serious sentence is warranted here. A six-month period of home incarceration achieves that objective, while also giving weight to the mitigating factors outlined in the defendant's sentencing submission.

Finally, the fact that Mekawy's co-defendant, Alan Seidel, was not sentenced to home confinement does not weigh against imposing such a condition as part of the sentence here. While the Court must of course consider "the need to avoid unwarranted sentencing disparities," 18 U.S.C. § 3553(a)(6), the investigation did not establish that Seidel was a more culpable participant than Mekawy. To the contrary, while Seidel did lie to the SEC regarding the nature of the $1 Million Payment, the Government found no evidence that he participated in or had knowledge of other aspects of the scheme, including Mekawy's efforts to mislead the SEC regarding the nature of Seidel & Co.'s debt to its landlord and his forgery of the Seidel & Co. bank statement. Seidel also recanted his lies to the SEC within hours of telling them, while Mekawy repeatedly told SEC investigators, falsely, that he had no records responsive to their document demand, and only admitted otherwise after criminal authorities searched his home and seized materials that were called for by the subpoena.

Respectfully submitted,

AUDREY STRAUSS
Acting United States Attorney


by: _/s/_____
    Scott Hartman
    Assistant United States Attorney
    (212) 637-2357


cc: Avrom Robin, Esq., *Counsel to Benjamin Mekawy* (by ECF)